*Moody v. Nat'l Football League*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:

> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

AURA MOODY, ON BEHALF OF HER MINOR CHILD, JM,

> *Plaintiff-Appellant,*

JULIAN MOODY,

> *Plaintiff,*

> v.                                          16-4315

NATIONAL FOOTBALL LEAGUE,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:** AURA MOODY, *pro se*, Saint Albans, NY.

**FOR DEFENDANT-APPELLEE:** WILLIAM A. BREWER III (Michael L. Smith, *on the brief*), Brewer Attorneys & Counselors, New York, NY.

Appeal from a December 12, 2016 order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the instant appeal is **DISMISSED** for lack of jurisdiction.

In 2015, Aura Moody, through counsel, brought a discrimination action against the National Football League ("NFL") on behalf of her minor son, Julian Moody, in the Supreme Court of New York, Queens County. Mrs. Moody alleged that the NFL prohibited Julian from competing with his team at a national tournament because of his diabetes in violation of the Rehabilitation Act, 29 U.S.C. § 794. The NFL subsequently removed the case to the Eastern District of New York. During the proceedings, it came to light that Julian was an adult, and the complaint was amended to substitute Julian as the sole plaintiff. Julian, through counsel, then reached an agreement with the NFL and, on August 12, 2016, voluntarily dismissed the action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

During a September 15, 2016 hearing before the District Court, Mrs. Moody argued that Julian had been intimidated into settling. On December 12, 2016, the District Court entered a text order advising that it would take no further action in the case. Mrs. Moody, proceeding *pro se*, now appeals from that order, arguing primarily that, in its treatment of her

son, the NFL infringed upon her rights and caused her damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to dismiss.

It is a "prerequisite" of our appellate jurisdiction that the appellant "ha[ve] standing to pursue the appeal." *Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Environ. Conservation*, 127 F.3d 201, 204 (2d Cir. 1997); *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. S.E.C.*, 467 F.3d 73, 77 (2d Cir. 2006) (Sotomayor, J.) ("Standing to appeal is an essential component of our appellate jurisdiction."). "As a general rule, only a party of record in a lawsuit has standing to appeal from a judgment of the district court." *Hispanic Soc'y of N.Y.C. Police Dep't v. N.Y.C. Police Dep't*, 806 F.2d 1147, 1152 (2d Cir. 1986) ("*Hispanic Society*"). Our case law notes two exceptions to this general rule: "where the non-party is bound by the judgment and where the non-party has an interest plausibly affected by the judgment." *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 239 (2d Cir. 2013). Neither exception applies here.

First, Mrs. Moody is not bound by the District Court's text order, which pertained only to Julian's claim—the only matter properly before that court. Second, Mrs. Moody has not identified any legal interest of her own that may plausibly be said to be affected by the text order. The suit was based on allegations that the NFL unlawfully discriminated against Julian, not her. Although she has views about the matter, those are not legally cognizable within a setting where her adult son is a party to the proceedings. In *Hispanic Society*, for example, we held that nominal appellants did not have standing to appeal the district court's

3

approval of a settlement agreement in a class action employment discrimination suit. 806 F.2d at 1152-53. The appellants did not allege that they had been discriminated against and had not intervened in the underlying case. We concluded that the validity of the settlement agreement did not affect their rights. *Id.* Similarly, Mrs. Moody's legal rights would not have been affected if the District Court had permitted additional activity related to Julian's claims instead of entering its December 12, 2016 text order. Nor were Mrs. Moody's legal rights affected by the stipulation with the NFL to which Julian agreed. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244 (2d Cir. 2007) (holding that non-party appellant lacked standing because it "would possess the same legal rights . . . whether or not the Settlement Agreement were approved"). Finally, we note that permitting Mrs. Moody's appeal would interfere with the affairs of the parties because, as the District Court confirmed with him and as reflected by his Rule 41 dismissal, Julian wished not to continue the case.

In sum, Mrs. Moody lacks standing to appeal the District Court's December 12, 2016 text order. Accordingly, we dismiss this appeal for want of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4